

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

*Supersedes by Repeal of Art 252 & 269 P.C. (Ch. 22 56th Leg.) overrules S-132 & V-1509 where conflicts*

June 25, 1956

Honorable Tom Reavley
Secretary of State
Austin, Texas

Opinion No. S-202

Re: Statements of campaign
contributions and expendi-
tures which candidates
are required to file.

Dear Mr. Reavley:

We are in receipt of your request for an opinion,
reading as follows:

"Article 14.08 of Vernon's Election Code
relates to statements of campaign contributions
and expenditures which candidates for office
are required to file, and provides that the
statements of candidates for district and state
offices, as defined in Chapter 14 of the Election
Code, shall be filed with the Secretary of State.
Article 269 of the Penal Code also relates to
statements of contributions and expenditures to
be filed by candidates for nomination in pri-
mary elections, their campaign managers and
assistant campaign managers, and provides that
the statements required of candidates for state
and district nomination and their campaign
managers shall be filed with the Secretary of
State.

"In Attorney General's Opinion S-132, dated
June 29, 1954, your office held that Article 269
of the Penal Code was repealed by the enactment
of Article 14.08 of the Election Code.

"In the case of Ex parte Sanford, decided
on May 2, 1956, the Court of Criminal Appeals
held that the Election Code in providing that
"nothing in this Act shall be construed as re-
pealing or in any way affecting the legality of

Honorable Tom Reavley, page 2   (S-202)

any penal provision of the existing law,"
thereby exempted Article 265 of the Penal
Code from repeal and left such article in
full force and effect. The Court held
further that the statutes involved in that
case (Articles 14.04 and 14.06 of the
Election Code and Article 265 of the Penal
Code) were in irreconcilable conflict both
as to the offense denounced and the penal-
ties applied to a violation thereof, and
as a consequence both the Election Code
provisions and the Penal Code provisions
were invalid insofar as they prescribed
a criminal offense and a penalty there-
for.

"It appears that under the Court's
ruling in Ex parte Sanford it must be
concluded that Article 269 of the Penal
Code has not been repealed and that this
decision overrules the holding in Attorney
General's Opinion S-132. It also appears
that Article 14.08 of the Election Code
and Article 269 of the Penal Code are not
in irreconcilable conflict and that both
statutes are now in full force. In order
that this office may know what our duties
are with respect to the acceptance and filing
of campaign expenditure statements, we shall
appreciate your advising us whether candi-
dates are required to file statements in
accordance with the provisions of both of
these statutes."

You are correct in concluding that our holding
in Opinion S-132 that Article 269 of the Penal Code had
been repealed by the enactment of the Election Code of
1951 has been overruled by the decision in Ex parte San-
ford, 289 S.W. 2d 776 (Tex.Crim. 1956). Nor was it
repealed by the act of the 54th Legislature amending
Article 14.08 of the Election Code (Ch. 145, Acts 54th
Leg., 1955, p. 503).

The next question to consider is whether Article
14.08 of the Election Code and Article 269 of the Penal
Code are in irreconcilable conflict and hence void as to
either criminal or civil liability for violation of their
provisions, under the principle on which Ex parte Sanford
was decided.

Article 269 of the Penal Code requires each candidate for nomination in a primary election, and each campaign manager or assistant campaign manager for a candicate, to file a sworn statement of contributions and expenditures not more than 30 days nor less than 25 days prior to the date of the primary election, and another sworn statement not more than 12 days nor less than 8 days prior to the date of the primary. The penalty for violation of this article is set out in the following paragraph:

> "Whoever shall wilfully and corruptly make any false oath, affidavit or sworn statements in complying with the requirements of this article shall be fined not to exceed $1000.00 or be confined in jail for not more than one year, or both, or be confined in the penitentiary not less than one nor more than five years."

The civil statutes requiring the filing of this set of reports and providing the civil penalty for violation (Articles 3172 and 3173, R.C.S. 1925) were expressly repealed by the Election Code.

Article 14.08 of the Election Code, as amended by the 54th Legislature, requires each candidate (with exceptions which we need not note) at a primary, special, or general election to file a sworn statement of contributions and expenditures not less than 7 nor more than 10 days prior to the day of the election and a supplemental statement not more than 10 days after the day of the election. Violation of this article by failure to file the statements or by swearing falsely in any statement subjects the candidate to civil liability to opposing candidates for double the amount or value of the unreported item, to forfeiture of his right to have his name placed on the ballot at a subsequent election, and to the following criminal liability:

> "If any candidate fails to file such sworn statement at the time provided herein or swears falsely therein, he shall be subject upon conviction to a fine not less than One Hundred Dollars ($100) nor more than Five Thousand Dollars ($5,000), or be imprisoned in the penitentiary not less than one (1) nor more than five (5) years, or be both so fined and imprisoned."

Honorable Tom Reavley, page 4 (S-202)

Since no civil liability attaches for violation of Article 269 of the Penal Code, we do not believe any conflicts in the criminal aspects of these two statutes would affect civil liability under Article 14.08 of the Election Code.

It is seen that the criminal penalties provided in the two statutes are at variance. But is there an irreconcilable conflict in the offenses to which these penalties attach? Unlike the situation in Ex parte Sanford, a person may comply fully with the requirements of each statute without having in any way infringed upon the other. Under the statutes involved in Ex parte Sanford, a person who spent between $10 and $25 for campaign purposes was doing a lawful act under one statute but an unlawful act under the other. Also, an expenditure in excess of $25 was a violation of each statute, but the penalties provided were different. But the filing of statements under Article 14.08 of the Election Code is not prohibited by Article 269 of the Penal Code, and vice versa, nor is the failure to file statements under one statute a violation of the other. While both statutes evidently were enacted to subserve the same purpose in primary elections, they are not in direct and irreconcilable conflict as to the offense denounced. Two different sets of offenses are created, neither being in conflict with the other, and the fact that the penalties for these offenses are not identical is not a ground for declaring either statute invalid.

We are therefore of the opinion that both statutes are in force and neither is invalid because of the existence of the other.

Article 269 of the Penal Code states unequivocally that the candidates and campaign managers are required to file the statements, but the only penalty attached to a violation of this article is for making any false oath, affidavit or sworn statements in complying with the requirements of the article. Article 3 of the Penal Code provides that "no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State." In order that a person be punished for an act or omission, a penalty therefor must be prescribed by statute. 12 Tex. Jur., Criminal Law, §16, and cases there cited. Consequently, a candidate who fails to file statements required by Article 269 of the Penal Code will not

subject himself to either civil or criminal liability for such failure. However, while there is no penalty for failure to file, the filing of these statements is authorized by law and it is your duty to accept and file statements which are tendered to you under its terms.

It is also your duty to accept and file statements which are tendered to you under the terms of Article 14.08 of the Election Code. Candidates who are required to file statements in accordance with Article 14.08 will subject themselves to both civil and criminal liability by failing to file them.

Your office is not directly concerned with Article 252 of the Penal Code, but we would like to append a statement regarding it. This statute reads as follows:

"Any candidate for any public office, whether elected or not, who fails to file with the county judge of his county within ten days after the date of a general election an itemized statement of all money or things of value paid or promised by him before or during his candidacy for such office, including his traveling expenses, hotel bills and money paid to newspapers, and make an affidavit to the correctness of such account, showing to whom paid or promised, shall be fined not less than two hundred nor more than five hundred dollars."

In Opinion V-1509 (1952) this office expressed the view that Article 252 had been repealed by the enactment of Article 14.08 of the Election Code, but cautioned that "because of our uncertainty that this view would be sustained by the courts, it is our advice that candidates, in order to be sure of compliance with statutory requirements, also file the statement described in Article 252 of the Penal Code." In the light of the decision in Ex parte Sanford, the view expressed in our opinion was erroneous. All candidates for public office in the general election are required to file the statement required by this article. It is our opinion that the supplemental statement to be filed within 10 days after the general election by opposed candidates in that election under Article 14.08 of the Election Code will not satisfy this requirement.

## SUMMARY

Article 269 of the Penal Code, requiring candidates in primary elections and their campaign managers and assistant campaign managers to file statements of campaign contributions and expenditures, has not been repealed. Both this article and Article 14.08 of the Election Code, also requiring the filing of statements by candidates, are in full force.

Article 269 of the Penal Code does not provide a penalty for failure to file the statements required by it, and a candidate who fails to file these statements will not subject himself to either civil or criminal liability for such failure. However, it is the duty of the public officers with whom the statements are required to be filed to accept and file statements which are tendered to them under its terms.

Candidates who are required to file statements in accordance with Article 14.08 of the Election Code will subject themselves to both civil and criminal liability by failing to file them. The making of a false oath in connection with any statement filed under either Article 14.08 or Article 269 will subject the person making it to the full liability, whether civil or criminal, which is provided in these statutes.

All candidates in the general election are required to file statements in accordance with Article 252 of the Penal Code in addition to the statements which opposed candidates in the general election are required to file under Article 14.08 of the Election Code.

Att'y Gen. Ops. V-1509 (1952) and S-132 (1954) are overruled insofar as they hold that

Articles 252 and 269 of the Penal Code have been repealed.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*
Mary K. Wall
Assistant

APPROVED:

First Assistant

Attorney General

MKW:bt